IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| WANDA JOYCE DUFFEY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:20-cv-50-JDK-KNM |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | § § § § | |
| Defendant. | § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Wanda Joyce Duffey brings this appeal from a final decision of the Social Security Administration. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

On August 25, 2021, the Magistrate Judge issued a Report and Recommendation recommending that the Court affirm the Commissioner's final decision and dismiss this case with prejudice. Docket No. 24. Plaintiff timely objected. Docket No. 25.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other*

*grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In her objections, Plaintiff re-urges two of the three arguments that she raised in her brief.[1] First, Plaintiff asserts that the ALJ's RFC finding is not supported by substantial evidence because he failed to incorporate limitations stemming from migraine headaches, despite finding that migraines are a severe impairment. Relying on a Northern District of Texas case, Plaintiff submits that it is reversible error for an ALJ to find that an impairment is severe without finding functional limitations resulting from that impairment. Docket No. 25 at 3 (citing *Winston v. Berryhill*, No. 3:16-cv-419, 2017 WL 1196861 (N.D. Tex. Mar. 31, 2017)). As the court explained *Winston*, however, the finding of a severe impairment "does not mandate additional limitations in the RFC." *Winston*, 2017 WL 1196861, at *13. "The ALJ must clearly consider the severe impairments in determining the claimant's RFC, not necessarily assess limitations for each severe impairment." *Id.* Here, the ALJ explained his consideration of migraines in his RFC analysis and concluded that the recorded neurological findings and imaging results, as well as Plaintiff's response to treatment, did not support additional limitations in the RFC Administrative Record. Docket No. 15-2 at 24. Plaintiff has not shown an error by the ALJ.

Next, Plaintiff asserts that the ALJ's RFC finding erroneously fails to provide for unlimited use of a cane at work and only specifies the use of a cane for ambulating to and from the work zone. The ALJ's RFC analysis identifies both mild and

---

[1] Plaintiff's objections do not address whether the ALJ applied the appropriate age category when applying the Medical-Vocational Rules.

abnormal objective findings in the record. The record does not show that Plaintiff required the use of a cane at all times. Instead, at times, Plaintiff exhibited normal gait, strength, coordination and sensation and at other times she exhibited an antalgic gait, the use of a cane, reduced strength and problems with coordination. *Id*. at 24–25. The only medical opinions in the record assessing Plaintiff's physical functional limitations find that she can perform the full range of light work activity without a cane. *Id*. at 25. The ALJ properly considered Plaintiff's subjective statements and use of a cane and added a limitation to the RFC that she must be permitted to use a cane to ambulate to and from the work zone. The ALJ's RFC finding is supported by substantial evidence.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 24) as the opinion of the District Court. The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** this civil action with prejudice.

So **ORDERED** and **SIGNED** this **20th** day of **September, 2021.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE